IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH SERVETNICK              *
                                *
        v.                      *   Civil No. JFM-04-4061
                                *
DAVID TULSKY                    *
                             *****

MEMORANDUM

Deborah Servetnick has brought this diversity action against her former husband, David Tulsky, seeking to recover child support payments under a Property Settlement Agreement ("PSA"). Plaintiff and defendant have both filed motions for summary judgment. In his motion defendant argues, *inter alia*, that this court lacks subject matter jurisdiction because less than $75,000 is in dispute. I find the argument meritorious. Accordingly, I will treat defendant's motion as a motion to dismiss for lack of subject matter jurisdiction and will grant it as such.[1]

I.

The parties entered into the PSA on or about April 23, 2001. The PSA provided the defendant was to pay monthly child support payments in the amount of $1,505.00 to plaintiff for the care of their minor child. Defendant made payments under the PSA, remained current, and was never in arrears. He subsequently filed for a modification of child support, and the

---

[1] In *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992), the Supreme Court limited the long-established rule that federal courts lack diversity jurisdiction over domestic relations cases to actions involving "the issuance of a divorce, alimony, or child custody decree . . .." Here, plaintiff is not requesting the issuance of (or a modification of) a child custody decree. Therefore, it does not appear that the domestic relations exception to diversity jurisdiction, as articulated in *Ankenbrandt*, applies. In my judgment, however, it should. This case involves the interplay between the PSA and a decree that has been issued by the Pennsylvania Court of Common Pleas, and the question presented is entirely one of Pennsylvania law. I also note that before instituting this action in federal court in Maryland, plaintiff instituted a virtually identical action in a Pennsylvania state court and voluntarily dismissed that action.

modification was granted by an order decreasing the support payments to $749.00 per month. Defendant made payments in that amount pursuant to the modified court order as well.

On May 6, 2005, pursuant to an Order of Agreement signed by the parties and approved by a judge of the Pennsylvania Court of Common Pleas, primary physical custody of the minor child was transferred from plaintiff to defendant and defendant's obligation to pay child support payments was terminated effective August 31, 2004. Defendant continues to have primary physical custody of the child.

## II.

Plaintiff argues that she is entitled to receive child support payments under the PSA regardless of the termination of those payments in the court-approved Order by Agreement she signed. She relies upon a long series of Pennsylvania cases holding that an obligation to make child support payments under a property settlement agreement is independent of, and separately enforceable from, a requirement to make child support payments in a court order. *See, e.g.*, *Nicholson v. Combs*, 703 A.2d 407, 417 (Pa. 1997); *Swartz v. Swartz*, 689 A.2d 302, 305 (Pa. Super. 1997); *Lipschutz v. Lipschutz*, 571 A.2d 1046, 1051 (Pa. Super. 1990).[2] As set forth in those cases, a reduction in child support payments authorized by a modifying court order only has the effect of prohibiting the person required to make support payments from being held in

---

[2]Defendant's reliance upon 23 P.A.C.S. § 3105(b) appears to be misplaced. That section provides that "[a] provision of . . . [a property settlement] agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances." Defendant contends that the express language of this provision gives the court a power to modify an agreement when there is showing of changed circumstances. It appears, however, that the statute does not authorize a court to change the terms of the property settlement or agreement itself but only the terms of such an agreement that find their way into a court order. *See Nicholson*, 703 A.2d at 417.

contempt for failure to make the higher payments he or she originally agreed to make in the property settlement agreement. The other party continues to have a contract right to obtain a judgment for the higher payments in an action at law.

In all of the cases cited by Plaintiff, however, the party seeking payments under a property settlement agreement continued to have custody over the child. None of the cases involved the situation presented here where the party seeking support payments no longer has custody of the child. As a matter of contract law, I find it extremely unlikely that a Pennsylvania court would hold that a party is entitled to continue to receive child support payments when the condition giving rise to such payments (that parent's custody of the child) itself has been modified. Accordingly, I find that plaintiff has not pled sufficient facts to demonstrate that more than $75,000 is in controversy. If and when (1) plaintiff obtains a ruling from a Pennsylvania court entitling her to receive payments under the PSA, (2) defendant refuses to make those payments, and (3) the amount of defendant's arrearages and/or the discounted future value of the payments ordered to be due under the PSA total $75,000 or more, plaintiff may return to this court to seek relief. Until and unless those events occur, this court lacks subject matter jurisdiction.

A separate order dismissing this action is being entered herewith.


Date: September 7, 2005          /s/_____
                                 J. Frederick Motz
                                 United States District Judge